UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| JEREMIAH BARWICK, )<br>)<br>    Plaintiff, )<br>)<br>v )<br>)<br>JOHNSON CITY POLICE DEP'T, TBI in )<br>NASHVILLE, and DEBBIE DUNN, Sex )<br>Offender Registry Officer, )<br>)<br>    Defendants. ) | NO. 2:12-cv-235<br>(*Mattice/Carter*) |

**MEMORANDUM and ORDER**

Jeremiah Barwick, a prisoner in the Washington County Detention Center (hereinafter "WCDC") in Jonesborough, Tennessee, brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983, against the Johnson City Police Department, the TBI (Tennessee Bureau of Investigation) in Nashville, and Debbie Dunn, a Sex Offender Registry Officer.[1]

**I. The Filing Fee**

Plaintiff has also submitted an application to proceed *in forma pauperis*, and a financial statement which reflects that he has a negative balance (-$47.28) in his inmate trust account, (Docs. 1 and 15, Attach. 1). Nevertheless, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff therefore is

---

[1] Plaintiff sent a letter to the Court "to update the name of a defendant," advising the Court that he had discovered that the defendant identified in the complaint only as "Sex Offender Registry Officer" is Investigator Debbie Dunn, with the Johnson City Police Department, (Doc. 17). Thereafter, plaintiff filed a proper motion to amend his complaint to add the name of this defendant.

**ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)*, overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he resides shall submit to the Clerk of Court twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Remittances should be mailed to the <u>Clerk, United States District Court; 220 West Depot Street, Suite 200; Greeneville, Tennessee 37743.</u>

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account and to Derrick D. Schofield, Commissioner of the Tennessee Department of Correction, to ensure compliance with above fee-collection procedures.

## II. <u>Screening the Complaint</u>

Under 28 U.S.C. § 1915(e)(2), a court is required to screen a civil complaint brought by a litigant proceeding *in forma pauperis* and to dismiss an action at any time if the court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See McGore*, 114 F.3d at 608. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint which contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009). Instead, the pleading must

encompass "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so as to clothe the claim in "facial plausibility." Id.

After reviewing the pleading filed in this case, the Court finds that a *sua sponte* dismissal is the appropriate disposition of this action. Consequently, no service shall issue and this complaint will be dismissed.

### III. The Allegations

Plaintiff contends, in his complaint, that, in 1994, in Raleigh, North Carolina, he pled guilty to second-degree rape. After completing his four-year sentence, and for fourteen years thereafter, plaintiff registered as a non-violent sex offender in North Carolina. When he moved to Tennessee in June or July of 2011, he consulted with Investigator Debbie Dunn, the woman in charge of the sex offender registry at the Johnson City Police Department, who did not know what category of sex offender in which to register plaintiff. Even though plaintiff informed the woman that he was not a violent offender and had not been not convicted as a violent offender in North Carolina, she registered him as a violent offender and posted it on the Internet.

Plaintiff then telephoned someone at the TBI to complain, but was told that his designation as a violent offender on Tennessee's sexual offender registry was in accord with the North Carolina law. All that anyone involved in this process needed to do, plaintiff asserts, was to call the Sheriff in Charlotte, North Carolina, and ask him how plaintiff was listed on North Carolina's sexual offender registry. However, no one performed this simple task. Plaintiff insists that he is innocent until he is proven guilty and that he has a right to

3

a trial when he is accused of being guilty of something for which he was not convicted—a violent sex offense.

Plaintiff asks the Court to subpoena his court records from Raleigh, North Carolina, and his registry records from the Sheriff's Department in Charlotte, North Carolina; to have his sexual offender designation corrected or removed from the Tennessee sex offender registry; and to award him monetary compensation for slander, humiliation, and libel and for loss of wages.

### IV. Law and Analysis

At the outset, there are three motions for consideration, the first of which is labeled as a "Motion for Reconsideration ?," but which in effect is a motion for a service packet, (Doc. 21). The motion is **DENIED** because a service packet is sent to a *pro se* prisoner plaintiff only after screening his complaint to determine whether he has stated viable claims for relief under § 1983 and because the screening procedure performed below shows that plaintiff has not done so. The second motion is a motion to appoint counsel, (Doc. 21), which is likewise **DENIED** as plaintiff has failed to state a claim for relief. *See Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (finding that only exceptional cases warrant appointment of counsel). In his last motion, plaintiff seeks to amend his complaint to add the name of a defendant which he identified only as "Sex Offender Reg. Officer" in his complaint. The motion is **GRANTED**, (Doc. 23).

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers*

4

*Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997).

It is important to note that plaintiff is not attacking Tennessee's sex offender registration law, *see* Tenn. Code Ann. § 40-39-201 (2004), and wisely so, as the Sixth Circuit has upheld its predecessor statute, Tenn. Code Ann. § 40-39-101 (repealed 2004), as constitutional under the Double Jeopardy, Bill of Attainder, Ex Post Facto, Equal Protection, Due Process, and Cruel and Unusual Punishments Clauses of the U.S. Constitution and as not violating the right to interstate travel and the privacy provisions of both federal and state constitutions. *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999). And, the *Cutshall* Court specifically found that no due process hearing is required prior to releasing registry information. *Id*. at 483. Thus, there is simply no constitutional justification for plaintiff to receive a trial, as he has requested, before he can be classified as a violent sex offender.

As for plaintiff's claim for damages based on slander, humiliation and libel, *Cutshall* addressed this issue also, by first pointing out that one's reputation, standing alone, is not a constitutionally protected liberty or property interest. *Id*. at 479 (citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). The Sixth Circuit then explained that "[o]nly where the stigma of damage to a reputation is coupled with another interest, such as employment, is procedural due process protection triggered." *Ibid*. Determining that Tennessee's sex offender registration law did not infringe on the *Cutshall* plaintiff's "ability to seek, obtain, and maintain a job," the Sixth Circuit ultimately concluded that the law did not "implicate a constitutionally protected liberty or property interest in

5

employment." *Id*. at 480. This Court similarly concludes, based on *Cutshall*, that plaintiff's allegation concerning lost wages fails to state an actionable claim under § 1983.

Moreover, 42 U.S.C. § 1997e(e) applies to this complaint. Under this statute, a prisoner may not bring a claim for emotional or mental damages absent a showing of prior physical injury. Here, plaintiff has not claimed that he suffered any physical injury as a result of the incidents complained of and, thus, § 1997e(e) does not permit him to assert a claim for damages for his humiliation.

Also, the first defendant, the Johnson City Police Department, has no legal or corporate existence apart from Johnson City and, therefore, is not an entity who may be sued. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Johnson City, Tennessee, the entity behind the police department, may be liable for a constitutional violation resulting from acts representing official policy or custom it has adopted. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Here, however, plaintiff does not allege the existence of any policy or custom on the part of Johnson City to place non-violent sex offenders in the violent sex offender category in Tennessee's sex offender registry. Therefore, plaintiff has no claim against the first defendant.

Likewise, plaintiff has no claim for damages against the second defendant, the TBI in Nashville, because the doctrine of sovereign immunity applies. The Eleventh Amendment to the U.S. Constitution bars claims for damages against a state, its agencies, such as the TBI, and its employees in their official capacities, unless a state has waived its immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Tennessee has not done so. *See Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980); *see also* Tenn. Code

Ann. § 20-13-102(a). Therefore, the TBI in Nashville is immune from any claim for damages.

Similarly, plaintiff has not specified the capacity in which he is seeking to impose liability on the third defendant, Debbie Dunn, the Sex Offender Registry Officer. Hence, it must be assumed that this officer defendant was sued in her official capacity, *see Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir.1992);*Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989), unless the complaint or subsequent course of proceedings sufficiently apprizes the defendant that she is being sued as an individual. *Moore v. City of Harriman*, 272 F.3d 769, 781 (6th Cir. 2001). Because nothing in the complaint suggests that defendant Dunn would be held personally liable for registering plaintiff as a violent sex offender, the Court will assume that she is being sued in her official capacity.

A suit against a defendant in her official capacity is treated as an action against the governmental entity which she represents (i.e., Johnson City) because any judgment awarded would have to be paid by the represented entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). However, since Johnson City may not be liable under § 1983 solely because it employs a tortfeasor, plaintiff must make the showing prescribed by *Monell*, i.e., that a policy or custom of the entity inflicted a constitutional injury. *Monell*, 436 U.S. at 690-691.

As discussed above, plaintiff has not indicated that Johnson City had a policy or custom of placing non-violent sex offenders in a violent sex offender category on Tennessee's Sex Offender Registry. Thus, plaintiff fails to state a claim against defendant Dunn in her official capacity as a Johnson City, Tennessee police officer.

## V. Conclusion

Based on the above discussion, the Court finds that plaintiff has failed to state a claim against defendants and that one defendant enjoys Eleventh Amendment immunity. This case will be dismissed by separate order.[2]

**ENTER**:

>     /s/Harry S. Mattice, Jr.
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE

---

[2] While this federal case is being dismissed, plaintiff may have other avenues of redress available. *See, e.g., Livingston v. State,* 2010 WL 3928634,*1 (Tenn. Ct. App. Oct. 6, 2010).